# IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| GENEYNE HART,<br>on behalf of herself and all<br>others similarly situated, | )<br>)<br>) | C.A. No. |
| | ) | NON-ARBITRATION |
| Plaintiff, | )<br>) | TRIAL-BY JURY DEMANDED |
| v. | )<br>) | CLASS ACTION |
| NATIONWIDE MUTUAL FIRE<br>INSURANCE COMPANY, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## COMPLAINT

Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, alleges as follows:

### Nature of Action

1.    This is an action seeking recovery of compensatory, punitive and treble damages, reasonable attorneys' fees, and declaratory and other relief arising from defendants' breaches of insurance contracts; bad faith breaches of insurance contracts; violations of 21 Del. C. §§ 2118 and 2118B, 6 Del. C. §§ 2513, and 18 U.S.C. 1962; common law fraud; and otherwise wrongful refusal to honor their contractual obligations arising under certain policies of automobile insurance issued by Nationwide Mutual Fire Insurance Company, (hereinafter, "Nationwide"), to members and representatives of the plaintiff class.

2.    This is a class action brought on behalf of Nationwide's Delaware policyholders who submitted covered claims for medical expenses or other benefits under Personal Injury Protection (or "PIP") coverage issued as part of Nationwide's insurance contracts, or who were otherwise entitled to Nationwide's performance under such coverage; but who, owing to Nationwide's arbitrary, unreasonable, unjustified, unfair, fraudulent, deceptive and otherwise wrongful and illegal conduct (as shown by the arbitrary, regular, routine and consistent pattern and practice of claims), were denied the benefits and performances to which they were lawfully entitled.

## The Parties

3.    Plaintiff, Geneyne Hart, is a natural person residing at 23 Oakmont Drive, New Castle Delaware 19720, and a named insured under a Nationwide auto policy.  Ms. Hart has tendered claims for PIP benefits to Nationwide, including claims tendered on her behalf by health care providers.

4.    Defendant, Nationwide, is an insurance company – an Ohio corporation – whose principal place of business is located at One Nationwide Plaza, Columbus, Ohio 43216.  Nationwide is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

## Jurisdiction and Venue

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

6.     This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically, 18 U.S.C. § 1961 et seq.

7.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Nationwide is subject to personal jurisdiction in this District.

**Factual Background Applicable
to the proposed Plaintiffs' Class**

8.     Nationwide is an underwriter of automobile insurance policies, including first-party medical benefits for persons injured while driving or occupying motor vehicles. In Delaware, this no-fault coverage is known as "personal injury protection" or "PIP."

9.     When an individual is injured in an automobile collision, a no-fault policy is intended to provide coverage for medical bills incurred, and wages lost as a result of the accident.  Legislators have intended such policies – which are mandatory in Delaware – to protect insureds by providing immediate coverage following an accident, regardless of who is at fault.

10.     Nationwide advertises heavily in the insurance services market. Nationwide's advertising campaign, which includes the slogan, "Nationwide, on your side" is ubiquitous on television, radio and the internet.

11.     For years, Nationwide has derived substantial revenues and profits from the sale of insurance products in Delaware.  For years, Nationwide has failed to pay

covered PIP benefits for its insureds.  Nationwide benefits financially by failing to pay full obligations.

12.     21 Del. C. § 2118B imposes definite requirements on the handling of PIP claims. Subsection (c), for example, requires insurers to "promptly process" PIP claims, and to either pay or deny them within thirty days. It also requires that an insurer's denial of coverage be explained to the insured in writing.

13.     21 Del. C. § 2118B(d) provides in part that if an insurer fails to pay covered PIP benefits within thirty days, and does so "in bad faith," the claimant is entitled to recover (in addition to the principal amount due) "an award for the costs of the action and the prosecution of the action, including reasonable attorney's fees…."

14.     When Nationwide denies PIP benefits, in whole or in part, a PIP claimant may file suit with the Department of Insurance.  In such cases, the Department of Insurance typically, if not always, directs Nationwide to pay PIP benefits to the PIP claimant.  Notwithstanding repeated rulings by the Department of Insurance, Nationwide continues to improperly reduce payments owed on bills, and denies PIP benefits in direct contradiction of rulings by the Department of Insurance and Delaware law.

**Nationwide's**
**Fraudulent Practices**

15.     Under 21 Del. C. §§ 2118 and 2118B, and under Nationwide's contractual obligations, Nationwide must provide PIP benefits for reasonable and necessary medical expenses that arise from injuries sustained in automobile accidents. If these three elements -- reasonableness, medical necessity and causation -- are met, Nationwide must pay the full amount of the expense incurred, subject to other statutory limitations.

16.     PIP coverage is required for all motor vehicles registered in Delaware. The specifications for this coverage are set forth in the statute, and include coverage for "reasonable and necessary" medical expenses.  Nationwide cannot depart from this specification without violating Delaware law.

17.     For years, Nationwide sold policies to its insureds promising to cover reasonable and necessary claims submitted under PIP.  For years, individuals purchased policies from Nationwide, believing that Nationwide would honor its obligations under the policies, and its obligations under Delaware law.

18.     For years, Nationwide's insureds have submitted claims for reasonable and necessary medical bills and lost wages under PIP, in compliance with Delaware law. In return, Nationwide engaged in an arbitrary and systematic delay or denial of full PIP benefits to Delaware claimants in violation of law, without reasonable basis or justification.

19.     Nationwide routinely fails to pay reasonable and necessary PIP claims in Delaware.

20.     Nationwide routinely fails to pay reasonable and necessary PIP claims in Delaware within the thirty-day statutory period under 21 Del. C. § 2118B.

21.     Nationwide states that it has implemented a medical expense review to analyze PIP claims. On information and belief, Nationwide has employed third-party entities to conduct PIP reviews and create arbitrary formulae and processes for paying PIP claims.  Under this "procedure," Nationwide states that it limits its payment of PIP-related expenses it claims are the usual and customary charges for a claimant's geographic area.  In reality, Nationwide conducts an arbitrary bill reduction, without

merit or justification.  By doing so, Nationwide violates Delaware law and breaches its contractual and legal obligations.

22.    Medical expenses are not unreasonably excessive simply because they exceed what is usually charged in the locality - - especially where the excess over the "usual" charge is nominal.  In addition, a charge may exceed the "usual" charge and still be reasonable, if it reflects the greater than-usual expertise of the care provider, or the care provider's use of state-of-the-art (and hence, more costly) equipment.

23.    Nationwide's insureds are held liable for unpaid medical bills.  On information and belief, Delaware doctors collect unpaid medical bills directly from Nationwide's insureds.  Delaware doctors refer unpaid medical bills to collection agencies – a fact that was explicitly recognized by the Delaware general assembly when it passed 21 Del. C. §2118 "to prevent the financial hardship and damage to personal credit ratings that can result from the unjustifiable delays of [PIP] payments."  When Nationwide withholds a portion of the treating physician's reasonable fee, it offers no protection to the insured, or the insured's personal credit ratings.

24.    Additionally, Nationwide wrongfully and arbitrarily denies PIP benefits without obtaining any independent medical or expert opinion justifying the termination of medical treatment for reasons of medical necessity or causation.  The denial of benefits in whole, or in part, without any credible medical basis is prohibited under Delaware law.

**Allegations Specific To
Plaintiff Geneyne Hart**

25.    Plaintiff Geneyne Hart purchased Nationwide insurance because Nationwide represented it would cover her claims in the event of an automobile accident, and because she believed Nationwide would fully cover her in the event of an automobile

accident, in accordance with its policies and State law. Ms. Hart paid her insurance premiums to Nationwide.

26.    On or about March 7, 2007, Ms. Hart was in her automobile waiting at red light when, another vehicle, driven by an intoxicated individual, struck her vehicle forcefully from the rear. The collision destroyed Ms. Hart's vehicle, and Ms. Hart sustained serious injuries. As alleged above, Ms. Hart was a named insured under a Nationwide auto policy on the date of the collision.

27.    Following the collision, Ms. Hart received medical treatment from various medical treatment providers including Delaware Pain & Spine and Dynamic Therapy. Medical bills and medical records from these treating offices were provided to Nationwide. These medical records documented the medical care providers' diagnosis, prognosis and treatment plan for Ms. Hart.

28.    On April 19, 2007, Ms. Hart treated at Delaware Pain & Spine and Dynamic Therapy for a lumbar sprain. The charge for this treatment was $340.00, and Nationwide received this bill on May 7, 2007. On August 10, 2007, 95 days later, Nationwide issued its response, allowing payment in the amount of $292.32, a reduction of $47.68 or 14 percent (14%). Nationwide's explanation for this reduction: "[t]he amount allowed is based on provider charges within the provider's geographic region."

29.    On May 3, 2007, Ms. Hart treated at Delaware Pain & Spine and Dynamic Therapy for a lumbar sprain. The charge for this treatment was $160.00, and Nationwide received this bill on May 14, 2007. On August 10, 2007, 88 days later, Nationwide issued its response, allowing payment in the amount of $114.51, a reduction of $45.49 or

28 percent (28%). Nationwide's explanation for this reduction: "[t]he amount allowed is based on provider charges within the provider's geographic region."

30.    On May 17, 2007, Ms. Hart treated at Delaware Pain & Spine and Dynamic Therapy for a lumbar sprain. The charge for this treatment was $160.00, and Nationwide received this bill on May 29, 2007. On August 10, 2007, 73 days later, Nationwide issued its response, allowing payment in the amount of $114.51, a reduction of $45.49 or 28 percent (28%). Nationwide's explanation for this reduction: "[t]he amount allowed is based on provider charges within the provider's geographic region."

31.    On June 14, 2007, Ms. Hart treated at Delaware Pain & Spine and Dynamic Therapy for a lumbar sprain. The charge for this treatment was $160.00, and Nationwide received this bill on June 29, 2007. On August 10, 2007, 42 days later, Nationwide issued its response, allowing payment in the amount of $114.51, a reduction of $45.49 or 28 percent (28%). Nationwide's explanation for this reduction: "[t]he amount allowed is based on provider charges within the provider's geographic region."

32.    For other bills submitted for earlier or later treatments of diagnosed injuries including lumbar sprain and Lumbago, Nationwide paid in full, without challenging the provider's charges based on reasonableness for the geographic area. This included treatment at, and bills issued by Delaware Pain & Spine and Dynamic Therapy.

33.    Nationwide was provided with both medical bills and medical records from Ms. Hart and her attorneys. In addition, Ms. Hart executed a medical authorization so that Nationwide was able to request the records from the medical providers directly.

34.    Even though Ms. Hart paid her premiums, suffered injury through no fault of her own, and submitted medical records detailing that her injuries and treatment were

reasonable and necessary and related to the March 7, 2007 collision, Nationwide refused to make full and prompt payment. For example, when Ms. Hart submitted bills from Delaware Pain & Spine for services performed on April 19, 2007 for an outpatient visit, Nationwide reduced payment by $47.86. The bill was $340.00 and Nationwide paid $292.32, providing the general unsupported explanation that, "[t]he amount allowed is based on provider charges within the provider's geographic region." Nationwide continued to use the same "rationale" to reduce payments for outpatient office visits: Nationwide paid $114.51 of a $160.00 on three occasions – May 3, 2007, May 17, 2007, and June 14, 2007. None of these payments were made within 30 days of the date of service.

35.     Ms. Hart routinely submitted medical records with the medical bills and the providers often submitted the bills as well. Nationwide has still not paid these bills in full.

36.     Ms. Hart is liable for unpaid balances owed medical providers, and she has granted medical providers a lien on any claim or recovery she might have as a result of her collision.

37.     In connection with her claim for PIP benefits, Ms. Hart has been subjected by Nationwide to the systematic practices complained of above.

38.     Nationwide has delayed payment of covered PIP benefits to Ms. Hart without reasonable justification.

39.     Nationwide has denied payment of covered PIP benefits to Ms. Hart without reasonable justification.

40.    Additionally, Nationwide has failed to pay or deny Ms. Hart's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.

41.    Nationwide has applied its fraudulent scheme to Ms. Hart's claims for PIP-related medical expenses.  Nationwide has thereby failed to pay the reasonable and necessary medical expenses arising from Ms. Hart's March 7, 2007 collision, in violation of 21 Del. C. §§ 2118 and 2118B and Nationwide's contractual obligations.

## <u>Class Certification Allegations</u>[1]

42.    This action is brought and may properly be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) (1) (A) , (2) and (3).  Plaintiff Geneyne Hart brings this action on behalf of herself and all others similarly situated, as representative of the following proposed class: All of Nationwide's Delaware insureds who, during the period Nationwide has issued insurance in Delaware, submitted covered (reasonable and necessary) claims for medical expenses or other benefits under PIP coverage issued as part of Nationwide's insurance contracts; but who, owing to Nationwide's unreasonable, unfair, fraudulent, deceptive and otherwise wrongful conduct (as shown by the regular, routine and consistent pattern and practice of claims alleged above), were denied the benefits and performances to which they were entitled, or otherwise subjected to injury.

---

[1]    Plaintiff's allegations for class certification do not constitute a motion for class certification, and Plaintiff reserves the right to pursue discovery on issues related to class certification prior to filing a motion therefor.

## Numerosity of the Class
## (Fed. R. Civ. P. 23(a)(1))

43.    The proposed class is so numerous that the individual joinder of all its members is impracticable. Nationwide has been, at all relevant times, a major underwriter of PIP coverage, and it remains so today. While the exact number and identities of the proposed class members is presently unknown and can only be determined through investigation and discovery, Plaintiff is informed and believes that the proposed class includes over 1,000 members.

## Existence and Predominance of Common Questions of Law and Fact
## (Fed. R. Civ. P. 23(a)(2), 23(b)(3))

44.    Common questions of law and fact exist as to all members of the proposed class.  They include, without limitation, the following:

    a.    Whether Nationwide engages in the delay or denial of covered PIP benefits in Delaware without reasonable justification, and as a matter of regular business practice;

    b.    Whether Nationwide engages in the practices complained of in the paragraphs above as a matter of regular business practice;

    c.    Whether Nationwide engages in the practices proscribed under l8 Del. C. § 2303 as a matter of regular business practice;

    d.    Whether Nationwide engages in the practices proscribed under 18 Del. C. § 2304(16) as a matter of regular business practice;

    e.    Whether Nationwide's conduct is in violation of 21 Del. C. §§ 2118 and 2118B;

f.    Whether Nationwide's conduct is in violation of 6 Del. C. § 2513;

g.    Whether Nationwide has evinced a conscious indifference to the rights of the proposed class members;

h.    Whether the subject insurance contracts constitute property insurance within the meaning of 18 Del. C. §904;

i.    Whether the proposed class is entitled to compensatory damages, and if so, the amount of such damages;

j.    Whether the proposed class is entitled to treble damages, and if so, the amount of such damages;

k.    Whether the proposed class is entitled to punitive damages, and if so, the amount of such damages; and

l.    Whether the proposed class is entitled to recovery of its reasonable attorneys' fees, and if so, the amount of such fees.

### Typicality of Claims
### (Fed. R. Civ. P. 23(a)(3))

45.    Plaintiff's claims are typical of the claims of the members of the proposed class. Ms. Hart is a Nationwide insured with pending, unpaid claims for PIP benefits that Nationwide has denied. To the extent that Nationwide has paid PIP benefits to Ms. Hart, it has failed to do so in a timely manner. As alleged above, Ms. Hart has been subjected to the systematic practices identified above.  All members of the proposed class have been subjected to one or more of the same systematic practices; and all members of the proposed class, including Ms. Hart, have been injured thereby. None of the proposed class members, including Ms. Hart, were aware of Nationwide's fraudulent practices and intent at the time they purchased PIP insurance from Nationwide.

## Adequacy of Representation
### (Fed. R. Civ. P. 23(a)(4))

46.     Neither Ms. Hart nor her counsel are under an actual or potential conflict of interest with respect to other members of the proposed class, and will fairly and adequately protect their interest.  Ms. Hart has retained attorneys experienced in the prosecution of complex litigation, complex coverage litigation, PIP-related litigation, and complex trial practice.

## Superiority of Class Action
### (Fed. R. Civ. P. 23(b)(3))

47.     A class action is superior to other available methods of adjudication for this dispute, because individual joinder of all members of the proposed class is impracticable, and no other method of adjudication of the claims asserted herein is more efficient and manageable. Further, the damages suffered by individual members of the proposed class may be relatively modest, so that the burden and expense of prosecuting individual actions would make it difficult or impossible for such members to obtain relief. The prosecution of such individual actions would also impose a substantial burden on the Delaware trial courts, and on this Court in particular. At the same time, individualized litigation would entail a significant risk of varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and the courts, by requiring multiple trials for the same complex factual issues. By contrast, the class action mechanism presents fewer case-management problems; conserves the resources of the parties and the courts; and protects the rights of each member of the proposed class. The proposed class members thus have little interest in individually controlling the prosecution of separate actions; and to counsel's knowledge, there has

been no substantial litigation of this dispute in any forum.  It is not anticipated that the prosecution of this dispute as a class action will entail any special case-management difficulties; and notice of the pendency of this action, and of any resolution of the same, can be provided to the proposed class by publication and/or individual notice.

### Other Grounds for Certification

48.    This action is also certifiable under Federal Rules of Civil Procedure 23(b)(1) and (2) because:

a.    The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to such individual class members, thus establishing incompatible standards of conduct for Nationwide; and

b.    Nationwide has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

### Tolling Of Applicable
### Statutes Of Limitation

49.    Any applicable statutes of limitation have been tolled by Nationwide's fraudulent concealment of the systematic practices alleged above. Because Nationwide deals with each proposed class member individually, such class members are unable, acting alone, to discover Nationwide's pattern of fraudulent conduct and racketeering activity. At the moment that each proposed class member's insurance contract with Nationwide was formed, Nationwide was already engaging in the systematic practices complained of herein, and so had already formed its intent to pursue such practices; but in

each case, Nationwide concealed that (inherently unknowable) intent from its prospective insured.

## COUNT I
## Declaratory Judgment

50.     Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

51.     Under Delaware law, and under the obligations imposed by Nationwide's respective insurance contracts with the proposed class members, Nationwide was required to pay covered claims for PIP benefits.

52.     Under Delaware law, and under the obligations imposed by Nationwide's respective insurance contracts with the proposed class members, Nationwide was required to pay covered claims for PIP benefits with reasonable promptness.

53.     Nationwide has failed to pay the proposed class members' covered claims for PIP benefits.

54.     Nationwide has failed to pay the proposed class members' covered claims for PIP benefits with reasonable promptness.

55.     An actual controversy of a justiciable nature exists between Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated (on the one hand) and Nationwide (on the other), concerning the parties' rights and obligations under the subject Nationwide insurance contracts. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

56.     Declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

57.    Plaintiff, on behalf of herself and all others similarly situated respectfully request that this Court enter judgment, as a matter of law, that: (i) Nationwide violated 21 Del. C. § 2118; and (ii) Nationwide breaches its contracts with its insureds by failing to pay claims submitted in accordance with Delaware's PIP statute.

**COUNT II**
**Breach of Contract**

58.    Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

59.    Plaintiff, and all those similarly situated, purchased Nationwide insurance because Nationwide represented it would cover claims in the event of an automobile accident, and because they believed Nationwide would fully cover properly submitted claims in the event of an automobile accident.  Plaintiff, and all those similarly situated, paid their insurance premiums to Nationwide.

60.    Nationwide has breached the subject contracts of insurance by delaying or denying payment of covered claims for PIP benefits.

61.    As a direct result of Nationwide's breaches of the subject insurance contracts, Plaintiff Geneyne Hart, and all others similarly situated have been deprived of the benefit of the insurance coverage for which premiums were paid under those contracts. As a further result of Nationwide's breaches of contract, Plaintiff Geneyne Hart and all others similarly situated have been deprived of necessary medical care, with resulting pain and suffering and exacerbation of injury.  As a further result of Nationwide's breaches of contract, Plaintiff Geneyne Hart and all others similarly situated have suffered economic loss, including paying medical bills that should have

been covered by insurance, facing collection actions by Delaware doctors and third party collection agencies, and being referred to negatively to credit agencies

## COUNT III
## Bad Faith Breach of Contract

62.    Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

63.    Nationwide's denial of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

64.    Nationwide's delay in the payment of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

65.    Nationwide knowingly and intentionally violated its contract with Plaintiff Geneyne Hart and all others similarly situated and applicable law by performing arbitrary and improper bill reductions, without justification.

66.    As a direct result of Nationwide's bad faith breaches of the subject insurance contracts, Plaintiff and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT IV
## Breach of the Duty of Fair Dealing

67.    Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

68.     Nationwide has failed and refused to deal fairly with Plaintiff Geneyne Hart, and with all others similarly situated, in connection with their covered claims for PIP benefits.

69.     As a direct result of Nationwide's breaches of its contractual duty of fair dealing, Plaintiff Geneyne Hart, and all others similarly situated, have suffered and will suffer injury as heretofore alleged.

### COUNT V
### Common Law Fraud

70.     Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

71.     The insurance contracts sold by Nationwide to Plaintiff Geneyne Hart, and to all others similarly situated, contained representations of fact. Among them was the representation mandated by 21 Del. C. §§ 2118 and 2118B -- that covered PIP benefits, including reasonable and necessary medical expenses, would be paid.

72.     Plaintiff, and all those similarly situated, purchased Nationwide insurance because Nationwide promised it would pay covered claims in the event of an automobile accident, and because they believed Nationwide would fully pay covered claims, including reasonable and necessary  medical expenses and lost wages under PIP in the event of an automobile accident.  Plaintiff, and all those similarly situated, paid their insurance premiums to Nationwide.

73.     An implied representation of fact contained in all the disputed insurance policies was that Nationwide would neither delay nor deny payment of covered PIP benefits without reasonable justification.

74.    An implied representation of fact contained in all the disputed insurance policies was that Nationwide would deal fairly with its insureds under those contracts.

75.    Representations of fact made by Nationwide under the disputed policies, including the representations alleged in the paragraphs above, were false.

76.    Nationwide knew that the subject representations were false at the time they were made.

77.    Nationwide believed that the subject representations were false at the time they were made.

78.    The subject representations were made by Nationwide with reckless indifference to their truth or falsity.

79.    Nationwide made the subject representations with the intent to induce Plaintiff, and all others similarly situated, to enter into the disputed insurance contracts with Nationwide, and to make premium payments to Nationwide thereon.

80.    Plaintiff Geneyne Hart, and all others similarly situated entered into the disputed insurance contracts with Nationwide in reliance on the subject representations.

81.    Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, was justified in relying on Nationwide's representations as alleged.

82.    In addition to its affirmative acts of misrepresentation, Nationwide also concealed from Plaintiff Geneyne Hart, and from all others similarly situated, its intent to dishonor its contractual obligations under the disputed insurance contracts, and the systematic practices by which it would do so.

83.    As a direct result of Nationwide's fraudulent representations and concealment, Plaintiff Geneyne Hart and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VI
## Consumer Fraud

84.    Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

85.    Nationwide's conduct, as alleged above, is in violation of 6 Del. C. § 2513.

86.    Specifically, as set forth herein, Nationwide has engaged in deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression or omission of material facts with its insureds, with the intent that its insureds and prospective customers rely on such conduct in connection with the sale or advertisement of its products.

87.    As a direct result of Nationwide's violations of 6 Del. C. § 2513, Plaintiff Geneyne Hart, and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VII
## Unjust Enrichment

88.    Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

89.    Plaintiff has paid premiums to Nationwide, but Nationwide has failed and refused to pay Plaintiff's PIP claims.

90.    Nationwide has been unjustly enriched to the detriment of Plaintiff by accepting payment for services that were never performed by Nationwide.

91.    Nationwide has reaped the benefit of substantial monetary savings on PIP claims by wrongfully and illegally failing to pay its insureds' PIP claims in full.

92.    As a result of Nationwide's unjust enrichment, Plaintiff has sustained damages in an amount to be determined at trial.

## COUNT VIII
## Quantum Meruit

93.    Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

94.    Nationwide knew or should have known that Plaintiff expected to have PIP claims paid and covered when Plaintiff purchased the subject insurance policy and paid the premiums.

95.    Plaintiff expected Nationwide to pay PIP benefits fully and in a timely manner.

96.    Based on the theory of *quantum meruit*, Plaintiff has sustained damages in an amount to be determined at trial, for which Nationwide is liable.

## COUNT IX
## Racketeering Activity

97.     Plaintiff Geneyne Hart, on behalf of herself and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

98.     Nationwide is an enterprise as defined by 18 U.S.C. §1961(4), by which it sells automobile insurance products, including policies for PIP coverage, in Delaware.

99.     Nationwide has engaged in a pattern of racketeering activity to operate an enterprise which is engaged in activities that affect interstate commerce, in violation of 18 U.S.C. § 1962(a).  Nationwide receives substantial income from its racketeering activities.

100.     Nationwide regularly uses the United States mail to conduct its scheme to defraud its insureds and prospective customers, and for the purpose of executing, or attempting to execute, its scheme to defraud its insureds and prospective customers.

101.     Through a pattern of racketeering activity, including two or more acts of mail fraud (as defined under 18 U.S.C. § 1341), Nationwide has participated in the fraudulent insurance enterprise alleged above.

102.     As a direct result of Nationwide's pattern of racketeering activity, Plaintiff and all others similarly situated have suffered and will suffer injury as heretofore alleged.

103.     Nationwide receives substantial income by collecting PIP premiums from its insureds, and increases its net income by failing to pay valid PIP claims submitted by its insureds.  Also, by delaying or denying payment of valid PIP claims, Nationwide earns increased returns on money it wrongfully holds.

104.    Nationwide invests income that it receives from PIP premiums, and interest it earns on revenue it keeps from not paying or delaying payment on PIP claims, into its enterprise, and uses this income to maintain a practice of wrongfully denying valid PIP claims, and to solicit new customers, whose valid PIP claims will also be denied.  This practice, in turn, causes separate and distinct injuries, including but not limited to injuries to third-party medical providers.

105.    Nationwide regularly uses the United States mail to conduct its scheme to defraud its insureds and prospective customers, and for the purpose of executing, or attempting to execute, its scheme to defraud its insureds and prospective customers.

106.    Through a pattern of racketeering activity, including two or more acts of mail fraud (as defined under 18 U.S.C. § 1341), Nationwide has participated in the fraudulent insurance enterprise alleged above.

107.    As a direct result of Nationwide's pattern of racketeering activity, Plaintiff and all others similarly situated have suffered and will suffer injury as heretofore alleged.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, respectfully requests that this Court enter judgment as follows:

a.    Entering an Order certifying the plaintiff class, appointing Plaintiff Geneyne Hart as representative of that class, and appointing Ms. Hart's counsel to represent that class, all pursuant to Federal Rule of Civil Procedure 23;

b.    Declaring the parties' rights, duties, status or other legal relations under the disputed insurance contracts and 18 Del. C. § 2118;

c.    Awarding to Plaintiff Geneyne Hart and all others similarly situated damages, including compensatory damages, consequential and incidental damages, for

Nationwide's breaches of its insurance contracts;

d.    Awarding to Plaintiff Geneyne Hart and all others similarly situated punitive damages for Nationwide's bad faith breaches of its insurance contracts;

e.    Awarding to Plaintiff Geneyne Hart and all others similarly situated punitive damages for Nationwide's breaches of its contractual duty of fair dealing;

f.    Awarding to Plaintiff Geneyne Hart and all others similarly situated compensatory, consequential and punitive damages for Nationwide's common law fraud;

g.    Awarding to Plaintiff Geneyne Hart and all others similarly situated compensatory, consequential, treble and punitive damages for Nationwide's violations of 6 Del. C. § 2513;

h.    Awarding to Plaintiff Geneyne Hart and all others similarly situated compensatory damages, treble damages and reasonable attorneys' fees for Nationwide's violation of 18 U.S.C. § 1962;

i.    Awarding to Plaintiff Geneyne Hart and all others similarly situated their reasonable attorneys' fees in the prosecution of this action, consistent with 18 Del. C. § 4102;

j.    Awarding to Plaintiff Geneyne Hart and all others similarly situated all costs of this action, all costs of the prosecution of this action, and their reasonable attorneys' fees, consistent with 21 Del. C. §§ 2118 and 2118B;

k.    Awarding to Plaintiff Geneyne Hart interest for unpaid claims, consistent with 21 Del. C. § 2118.

l.    Awarding to Plaintiff Geneyne Hart and all others similarly situated all costs of this action;

m.    Awarding to Plaintiff Geneyne Hart and all others similarly situated pre-
and post-judgment interest; and

n.    Awarding such other and further relief as this Court deems just and
appropriate.

Dated: October 29, 2007                    CROSS & SIMON, LLC
       Wilmington, Delaware

                                    By:  /s/ Christopher P. Simon
                                        Richard H. Cross, Jr. (No. 3576)
                                        Christopher P. Simon (No. 3697)
                                        Kevin S. Mann (No. 4576)
                                        913 North Market Street, 11th Floor
                                        P.O. Box 1380
                                        Wilmington, Delaware  19899-1380
                                        (302) 777-4200

                                        Attorneys for Plaintiff

JS 44 (REV. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. **(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)**

## I. (a) PLAINTIFFS

**Geneyne Hart and All Others Similarly Situated**

**(b)** County of residence of first listed plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES) **New Castle**

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
**Cross & Simon, LLC**
**913 North Market Street, 11th Floor**
**P.O. Box 1380**
**Wilmington, DE  19899-1380**

## DEFENDANTS

**Nationwide Mutual Fire Insurance Company**

County Of Residence Of First Listed Defendant    **Franklin County, Ohio**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

Attorneys (If Known)

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1.    U.S. Government
Plaintiff

☐ 2.    U.S. Government
Defendant

☐ 3.    Federal Question
(U.S. Government Not a Party)

☒ 4.    Diversity
(Indicates Citizenship of Parties in Item III)

## III.   CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box
for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This Sate | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure of | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury- | Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influence |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | and Corrupt |
| Student Loans (Excl. | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 690 Other | | Organizations |
| Veterans) | ☐ 345 Marine Product | ☒ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 |
| Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | Securities/Commod |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ities/Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt. Reporting & | ☐ 865 RSI (405(g)) | 12 USC 3410 |
| ☐ 196 Franchise | | | Disclosure Act | | ☐ 890 Other Statutory |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 501 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | Defendant) | ☐ 892 Economic |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | ☐ 530 General | | ☐ 871 IRS-Third Party | Stabilization Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | 26 USC 7609 | ☐ 893 Environmental |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | Matters |
| ☐ 290 All Other Real Property | ☐ 445 Amer.w/Disabilities- | ☐ 550 Civil Rights | | | ☐ 894 Energy Allocation |
| | Employment | ☐ 555 Prison Condition | | | Act |
| | ☐ 446 Amer.w/Disabilities- | | | | ☐ 895 Freedom of |
| | Other | | | | Information Act |
| | ☐ 440 Other Civil Rights | | | | ☐ 900 Appeal of Fee |
| | | | | | Determination |
| | | | | | Under Equal |
| | | | | | Access to Justice |
| | | | | | ☐ 950 Constitutionality of |
| | | | | | State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to District
☐ 7 Judge from Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statue under which you are filing **(Do not cite jurisdictional statues unless diversity):**
**18 U.S.C. § 1962; 28 U.S.C. § 1332**

Brief description of cause:
**Complaint for Wrongful Denial of Insurance Benefits**

## VII. REQUEST IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demand in complaint:
**JURY DEMAND:**    ☒ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY    (See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE    SIGNATURE OF ATTORNEY OF RECORD

**October 29, 2007**

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____2_____ COPIES OF AO FORM 85.

_____10/29/_____
(Date forms issued)

_____
(Signature of Party or their Representative)

x: GARY IRELAND
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action