IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GENEYNE HART, on behalf of herself and ) 
all others similarly situated, )
)
       Plaintiff, )
)    CIVIL ACTION NO.: 07-678-JJF
)
vs. )
)
NATIONWIDE MUTUAL FIRE )    CLASS ACTION
INSURANCE COMPANY, )
)
       Defendant. )
)

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), responds as follows to the correspondingly numbered paragraphs of Plaintiff's Complaint:

1. Nationwide admits that Plaintiff seeks to bring a class action and attempts to bring the purported claims asserted. Nationwide denies that this case is appropriate to be certified or maintained as a class action, that Plaintiff has stated valid claims for relief, or that Plaintiff is entitled to any relief.

2. Nationwide admits that Plaintiff attempts to assert claims on behalf of a purported class, but denies that the claims that Plaintiff attempts to assert are appropriate for class treatment. Nationwide denies the remaining allegations contained in this paragraph.

### The Parties

3. Nationwide admits that Geneyne Hart is insured under a Nationwide auto policy and that claims for PIP benefits were tendered to Nationwide. Nationwide is

without knowledge as to and therefore denies the remaining allegations contained in this paragraph.

4.    Nationwide denies that it is a corporation, but admits that it is a mutual insurance company organized under Ohio law and that its principal place of business is located at One Nationwide Plaza, Columbus, Ohio 43216.  Nationwide admits that it is engaged in the business of insurance, and sells insurance in Delaware.

## Jurisdiction and Venue

5.    Nationwide admits that this Court has subject matter jurisdiction over this action.  Nationwide is without knowledge to and therefore denies the remaining allegations contained in this paragraph.

6.    Nationwide admits that this Court has subject matter jurisdiction over this action.

7.    Nationwide admits that venue is proper in this District.

## Factual Background

8.    Nationwide admits that it issues auto policies in Delaware which provide personal injury protection (also known as "PIP") coverage.  Nationwide denies any remaining allegations contained in this paragraph.

9.    Nationwide admits that its auto insurance policies provide no-fault coverage required by Delaware law, which includes coverage for medical expenses and loss of earnings as set forth in individual policies. Nationwide is without knowledge as to and therefore denies allegations regarding the intent of legislators. Nationwide denies any remaining allegations contained in this paragraph.

10.     This paragraph contains allegations which are too general for Nationwide to respond to.  To the extent that a response is required, Nationwide admits it has advertised in Delaware, and otherwise denies the allegations contained in this paragraph.

11.     This paragraph contains allegations which are too general for Nationwide to respond to.  To the extent that a response is required, Nationwide denies the allegations contained in this paragraph.

12.     This paragraph contains Plaintiff's legal conclusions regarding the Delaware Motorist Protection Act (the "Act"), to which no response should be required. Nationwide further states that the Act speaks for itself, denies any allegations that conflict or are inconsistent with the Act, and denies any allegations of liability.

13.     This paragraph contains Plaintiff's legal conclusions regarding the Act. Nationwide further states that the Act speaks for itself, and denies any allegations that conflict or are inconsistent with the Act.

14.     This paragraph contains allegations which are too general for Nationwide to respond to.  To the extent that a response is required, Nationwide denies the allegations contained in this paragraph.

15.     This paragraph contains Plaintiff's legal conclusions regarding the Act, to which no response should be required.  Nationwide further states that the Act and the terms of each Nationwide policy speak for themselves, and denies any allegations that conflict or are inconsistent with the Act or applicable policies.  To the extent Plaintiff attempts to characterize the terms of coverage of unidentified policies other than her own policy, Nationwide is without knowledge as to and therefore denies these allegations.

Nationwide denies any allegations of liability, and denies any remaining allegations contained in this paragraph.

16.    This paragraph contains Plaintiff's legal conclusions regarding the Act. Nationwide further states that the Act speaks for itself, and denies any allegations that conflict or are inconsistent with the Act.  Nationwide denies any remaining allegations contained in this paragraph.

17.    Plaintiff appears to be attempting to make allegations regarding the individualized beliefs of unidentified non-parties, to which no response should be required.  To the extent that a response is required, Nationwide is without knowledge as to and therefore denies the allegations contained in this paragraph.

18.    This paragraph contains generalized allegations regarding non-parties and unidentified insurance claims, to which no response should be required.  To the extent that a response is required, Nationwide is without knowledge as to and therefore denies the generalized allegations regarding non-parties and unidentified insurance claims. Nationwide denies the remaining allegations contained in this paragraph.

19.    Nationwide denies the allegations contained in this paragraph.

20.    Nationwide denies the allegations contained in this paragraph.

21.    Nationwide admits that the terms of the subject policy give it the right to and provide notice to its insured that it will conduct utilization management or reviews for, among other things, the determination of the usual, customary and reasonable charges for medical expenses, and/or medically necessary services.  Nationwide denies the remaining allegations contained in this paragraph.

22.    This paragraph contains Plaintiff's legal conclusion to which no response should be necessary. To the extent that this paragraph contains factual allegations to which a response is required, Nationwide denies the allegations contained in this paragraph.

23.    Nationwide is without knowledge as to and therefore denies the allegations relating to unidentified insureds and unidentified Delaware doctors. Nationwide denies the remaining allegations contained in this paragraph.

24.    Nationwide denies the allegations contained in this paragraph.

### Allegations Specific To
### Plaintiff Geneyne Hart

25.    Nationwide admits that Plaintiff purchased Nationwide insurance that required premium payments. Nationwide is without knowledge as to and therefore denies the allegations regarding Plaintiff's beliefs. Nationwide denies that it made any representations inconsistent with the express terms and conditions of the subject insurance policy, which speaks for itself.

26.    Nationwide admits that Plaintiff was a named insured under a Nationwide auto policy, and is otherwise without knowledge as to and therefore denies the remaining allegations contained in this paragraph.

27.    Nationwide admits that it received certain medical bills and medical records from Plaintiff's medical providers. Nationwide is without knowledge as to and therefore denies the remaining allegations contained in this paragraph.

28.    Nationwide admits that it paid Plaintiff's claim for PIP benefits for treatment on April 19, 2007 in accordance with the Act and the terms and conditions of

her insurance policy. Nationwide is without knowledge as to and therefore denies the remaining allegations contained in this paragraph.

29.    Nationwide admits that it paid Plaintiff's claim for PIP benefits for treatment on May 3, 2007 in accordance with the Act and the terms and conditions of her insurance policy. Nationwide is without knowledge as to and therefore denies the remaining allegations contained in this paragraph.

30.    Nationwide admits that it paid Plaintiff's claim for PIP benefits for treatment on May 17, 2007 in accordance with the Act and the terms and conditions of her insurance policy. Nationwide is without knowledge as to and therefore denies the remaining allegations contained in this paragraph.

31.    Nationwide admits that it paid Plaintiff's claim for PIP benefits for treatment on June 14, 2007 in accordance with the Act and the terms and conditions of her insurance policy. Nationwide is without knowledge as to and therefore denies the remaining allegations contained in this paragraph.

32.    Nationwide admits that it paid certain of Plaintiff's claims for PIP benefits in accordance with the Act and the terms and conditions of her insurance policy. Because Plaintiff does not identify the bills referred to in this paragraph, Nationwide is otherwise without knowledge as to and therefore denies the allegations contained in this paragraph.

33.    Nationwide admits that it was provided with certain medical bills and medical records and that Plaintiff executed a medical authorization. Nationwide otherwise denies the allegations contained in this paragraph as alleged.

34.    Nationwide denies the allegations contained in this paragraph.

35.    Nationwide admits that it received ceratin medical bills and medical records submitted on Plaintiff's behalf, and otherwise denies the allegations contained in this paragraph.

36.    Nationwide is without knowledge as to and therefore denies the allegations contained in this paragraph.

37.    Nationwide denies the allegations contained in this paragraph.

38.    Nationwide denies the allegations contained in this paragraph.

39.    Nationwide denies the allegations contained in this paragraph.

40.    Nationwide denies the allegations contained in this paragraph.

41.    Nationwide denies the allegations contained in this paragraph.

## Class Certification Allegations

42.    Nationwide admits that Plaintiff seeks to assert claims on behalf of a purported class, but denies that Plaintiff's purported claims are appropriate for class treatment.

43.    Nationwide denies Plaintiff's purported claims are appropriate for class treatment or that they meet the requirements of Rule 23(a)(1).

44.    Nationwide denies the allegations contained in this paragraph, including each subparagraph.

45.    Nationwide denies the allegations contained in this paragraph.

46.    Nationwide is without knowledge as to and therefore denies the allegations contained in this paragraph.

47.    Nationwide denies the allegations contained in this paragraph.

48.     Nationwide denies the allegations contained in this paragraph, including each subparagraph.

49.     Nationwide admits that it deals with each proposed class member individually, and denies the remaining allegations contained in this paragraph.

## COUNT I
### Declaratory Judgment

50.     Nationwide reasserts its responses to paragraphs 1 through 49.

51.     This paragraph contains Plaintiff's legal conclusions to which no response should be required.  Nationwide further states that the unidentified Delaware law and insurance contracts referenced in these paragraphs speak for themselves, and denies any allegations of liability.

52.     This paragraph contains Plaintiff's legal conclusions to which no response should be required.  Nationwide further states that the unidentified Delaware law and insurance contracts referenced in these paragraphs speak for themselves, and denies any allegations of liability.

53.     Nationwide denies the allegations contained in this paragraph.

54.     Nationwide denies the allegations contained in this paragraph.

55.     Nationwide denies the allegations contained in this paragraph.

56.     Nationwide denies the allegations contained in this paragraph.

57.     This paragraph contains a request for relief.  Nationwide denies that Plaintiff has stated a claim for or is entitled to the relief requested.

## COUNT II
### Breach of Contract

58.     Nationwide reasserts its responses to paragraphs 1 through 57.

59.     Nationwide denies that it made representations as alleged, and is without

knowledge as to and therefore denies the remaining allegations contained in this

paragraph.

60.     Nationwide denies the allegations contained in this paragraph.

61.     Nationwide denies the allegations contained in this paragraph.

## COUNT III
### Bad Faith Breach of Contract

62.     Nationwide reasserts its responses to paragraphs 1 through 61.

63.     Nationwide denies the allegations contained in this paragraph.

64.     Nationwide denies the allegations contained in this paragraph.

65.     Nationwide denies the allegations contained in this paragraph.

66.     Nationwide denies the allegations contained in this paragraph.

## COUNT IV
### Breach of Duty of Fair Dealing

67.     Nationwide reasserts its responses to paragraphs 1 through 66.

68.     Nationwide denies the allegations contained in this paragraph.

69.     Nationwide denies the allegations contained in this paragraph.

## COUNT V
### Common Law Fraud

70.     Nationwide reasserts its responses to paragraphs 1 through 69.

71.     Nationwide admits that the terms and conditions of its auto insurance

policies comply with Delaware law, and otherwise denies the allegations contained in this

paragraph.

72.    Nationwide is without knowledge as to and therefore denies that unidentified persons paid insurance premiums, and denies the remaining allegations contained in this paragraph.

73.    Nationwide states that the unidentified insurance policies speak for themselves, and otherwise denies the allegations contained in this paragraph.

74.    Nationwide states that the unidentified insurance policies speak for themselves, and otherwise denies the allegations contained in this paragraph.

75.    Nationwide denies the allegations contained in this paragraph.

76.    Nationwide denies the allegations contained in this paragraph.

77.    Nationwide denies the allegations contained in this paragraph.

78.    Nationwide denies the allegations contained in this paragraph.

79.    Nationwide denies the allegations contained in this paragraph.

80.    Nationwide denies the allegations contained in this paragraph.

81.    Nationwide denies the allegations contained in this paragraph.

82.    Nationwide denies the allegations contained in this paragraph.

83.    Nationwide denies the allegations contained in this paragraph.

## COUNT VI
### Consumer Fraud

84.    Nationwide reasserts its responses to paragraphs 1 through 83.

85.    Nationwide denies the allegations contained in this paragraph.

86.    Nationwide denies the allegations contained in this paragraph.

87.    Nationwide denies the allegations contained in this paragraph.

## COUNT VII
### Unjust Enrichment

88.    Nationwide reasserts its responses to paragraphs 1 through 87.

89.    Nationwide admits that Plaintiff has paid premiums to Nationwide, and

denies the remaining allegations contained in this paragraph.

90.    Nationwide denies the allegations contained in this paragraph.

91.    Nationwide denies the allegations contained in this paragraph.

92.    Nationwide denies the allegations contained in this paragraph.

## COUNT VIII
### Quantum Meruit

93.    Nationwide reasserts its responses to paragraphs 1 through 92.

94.    Nationwide denies the allegations contained in this paragraph.

95.    Nationwide denies the allegations contained in this paragraph.

96.    Nationwide denies the allegations contained in this paragraph.

## COUNT IX
### Racketeering Activity

97.    Nationwide reasserts its responses to paragraphs 1 through 96.

98.    Nationwide denies the allegations contained in this paragraph.

99.    Nationwide denies the allegations contained in this paragraph.

100.    Nationwide denies the allegations contained in this paragraph.

101.    Nationwide denies the allegations contained in this paragraph.

102.    Nationwide denies the allegations contained in this paragraph.

103.    Nationwide denies the allegations contained in this paragraph.

104.    Nationwide denies the allegations contained in this paragraph.

105.    Nationwide denies the allegations contained in this paragraph.

106.    Nationwide denies the allegations contained in this paragraph.

107.    Nationwide denies the allegations contained in this paragraph.

108.    Nationwide further denies any allegations contained in Plaintiff's Complaint which are not specifically admitted above.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Nationwide asserts the following affirmative and additional defenses:

1.    The claims asserted in Plaintiff's Complaint are barred, in whole or in part, by the express terms, conditions and requirements of the subject policy.

2.    Each count of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.    Some or all of Plaintiff's claims and the claims of the putative class members may be barred by the applicable statutes of limitations.

4.    The claims asserted in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

5.    Plaintiff has failed to satisfy conditions precedent to bringing some or all of the claims asserted.

6.    Plaintiff has failed to take reasonable measures to mitigate any alleged damages.

7.    Plaintiff lacks standing to the extent she has assigned any rights that she attempts to assert in this action.

8.      Plaintiff lacks standing to assert her claims because she has suffered no injury based on Nationwide's alleged misconduct.

9.      Plaintiff has been paid for her covered losses pursuant to the express terms, conditions, limitations, and exclusions in the subject policy.

10.     Plaintiff has failed to provide information that would require payment beyond that already made for the subject medical services under the subject policy.

11.     Nationwide acted legitimately, reasonably and in good faith, thus precluding any extra-contractual relief to the extent sought by Plaintiff.

12.     Plaintiff's and the purported class members' claims are barred, in whole or in part, to the extent that they have brought actions and received judgments on parts of some or all of the claims asserted.

13.     Plaintiff's and the purported class members' claims are barred, in whole or in part, to the extent that the claims asserted have been submitted to arbitration and a binding decision has been rendered.

14.     Plaintiff's and the purported class members' claims are barred, in whole or in part, to the extent that they have entered into settlements with Nationwide with respect to any of the claims asserted.

15.     Plaintiff's and the purported class members' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

16.     Plaintiff's and the purported class members' claims are barred, in whole or in part, because they have been released.

17.     Plaintiff's and the purported class members' claims are barred, in whole or in part, by the doctrine of res judicata.

18.    Plaintiff's and the purported class members' request for an award of punitive damages is barred by the constitution and laws of the United States and the constitution and laws of the state of Delaware.

19.    Plaintiff's purported class allegations are insufficient as a matter of law. Nationwide specifically retains the right to challenge the sufficiency of Plaintiff's purported class allegations, and the proposed class treatment of this case, at the appropriate stage of this case.

20.    Nationwide reserves the right to assert additional defenses as discovery in this case progresses.

WHEREFORE, Nationwide requests:

1.    that Plaintiff's Complaint be dismissed and judgment be entered for Nationwide;

2.    that Nationwide be awarded its costs and reasonable attorneys' fees as allowed by law; and

3.    such further relief as the Court deems proper.

DATED: December 27, 2007.

**SHELSBY & LEONI**

**/S/    *Robert J. Leoni***
Robert J. Leoni, Esquire (No. 2888)
221 Main Street
Stanton, DE 19804
Telephone: (302) 995-6210
Facsimile: (302) 995-6121
Email: rleoni@mslde.com

Attorney for Defendant, Nationwide
Mutual Fire Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GENEYNE HART, on behalf of herself and   )
all others similarly situated,                   )
                                      )
          Plaintiff,              )     CIVIL ACTION NO.: 07-678-JJF
                                        )
vs.                                   )
                                      )
NATIONWIDE MUTUAL FIRE        )     CLASS ACTION
INSURANCE COMPANY,            )
                                      )
          Defendant.            )

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

> Richard H. Cross, Jr., Esq.
> Christopher P. Simon, Esq.
> Kevin S. Mann, Esq.
> 913 North Market Street, 11th Floor
> P.O. Box 1380
> Wilmington, Delaware 19899-1380
> Telephone: (302) 777-4200

**SHELSBY & LEONI**

**/S/   *Robert J. Leoni*** 
Robert J. Leoni, Esquire (No. 2888)
221 Main Street
Stanton, DE 19804
Telephone: (302) 995-6210
Facsimile: (302) 995-6121
rleoni@mslde.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GENEYNE HART, on behalf of herself and )
all others similarly situated, )
                                    )
         Plaintiff, )
                                    )     CIVIL ACTION NO.: 07-678-JJF
vs. )
                                    )
NATIONWIDE MUTUAL FIRE )     CLASS ACTION
INSURANCE COMPANY, )
                                    )
         Defendant. )
                                    )

## CERTIFICATE OF SERVICE

     I hereby certify that on December 27, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

            Richard H. Cross, Jr., Esq.
            Christopher P. Simon, Esq.
            Kevin S. Mann, Esq.
            913 North Market Street, 11th Floor
            P.O. Box 1380
            Wilmington, Delaware 19899-1380
            Telephone: (302) 777-4200

                                                  **SHELSBY & LEONI**

                                                  */S/   Robert J. Leoni*
                                                  Robert J. Leoni, Esquire (No. 2888)
                                                  221 Main Street
                                                  Stanton, DE 19804
                                                  Telephone: (302) 995-6210
                                                  Facsimile: (302) 995-6121
                                                  rleoni@mslde.com