IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GENEYNE HART, on behalf of           :
herself and all others              :
similarly situated,                 :
                                     :
            Plaintiff,              :
                                     :
      v.                            :    C.A. No. 07-678-JJF
                                     :
NATIONWIDE MUTUAL FIRE INSURANCE    :
COMPANY,                            :
                                     :
            Defendant.              :


Christopher P. Simon, Esquire, and Kevin S. Mann, Esquire of
CROSS & SIMON, LLC, Wilmington, Delaware.

Attorneys for Plaintiff.

Robert J. Leoni, Esquire, and Michael J. Logullo, Esquire, of
SHELSBY & LEONI, Stanton, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

July $\mathcal{20}$ , 2010
Wilmington, Delaware

Farnan, Joseph J., District Judge.

Pending before the Court is Plaintiff Geneyne Hart's Motion To Compel Defendant's Production Of Documents ("Motion To Compel") (D.I. 20). Also before the Court are a Motion For Protective Order Regarding Time Frame Of Discovery (D.I. 23) and a Motion For Protective Order Regarding Privacy Of Non-Party Information (D.I. 24) filed by Defendant Nationwide Mutual Fire Insurance Company. For the reasons to be discussed, Plaintiff's Motion will be granted in part and denied in part, and Defendant's Motions will both be denied.

## I. Background

Plaintiff Geneyne Hart ("Plaintiff") is a Delaware resident and insured of Defendant Nationwide Mutual Fire Insurance Company ("Defendant"). (D.I. 1 ¶ 3.) Defendant is an insurance company organized under the laws of Ohio which is engaged in the business of insurance, and which regularly sells insurance within the State of Delaware. (D.I. 5 ¶ 4.) Plaintiff alleges that on March 7, 2007, she was, through no fault of her own, involved in an automobile collision in which her vehicle was struck by another vehicle. (D.I. 1 ¶ 26.) Plaintiff alleges that she sustained serious injuries and that she sought medical treatment from various providers. (Id. ¶¶ 26-27.) Specifically, Plaintiff alleges that medical records detailing her diagnosis and treatment plan were submitted to Defendant, and that she was treated for a lumbar sprain at Delaware Pain & Spine and Dynamic

Therapy on April 19, May 3, May 17, and June 14, 2007. (Id. ¶¶ 27-31.) Plaintiff alleges that although the treatments were reasonable and necessary, Defendant refused to make full and prompt payments and reduced payments for these treatments because "[t]he amount allowed is based on provider charges within the provider's geographic region." (Id.)

On October 29, 2007, Plaintiff filed this proposed class action suit on behalf of herself and all others similarly situated. In a nine-count Complaint, Plaintiff alleges that Defendant committed various statutory and common law violations, including inter alia, breaches of insurance contracts, bad faith breaches of insurance contracts, breaches of the duty of fair dealing, common law fraud, consumer fraud, unjust enrichment, and racketeering activity in connection with Defendant's denial of benefits under Personal Injury Protection ("PIP") coverage, issued as part of Defendant's auto insurance contracts pursuant to 21 Del. C. § 2118. (D.I. 1 ¶¶ 15-24, 50-107 .)

## II. Motion To Compel (D.I. 20)

### A. Parties' Contentions

By its Motion, Plaintiff asks the Court to enter an order compelling Defendant to provide (1) all of Defendant's PIP files from October 29, 2002 to the present, (2) all documents, correspondence, memoranda and emails responsive to Plaintiff's requests, (3) all information concerning the decision to engage

and disengage use of bill reduction software, and (4) a privilege log for withheld documents.  (D.I. 20 ¶ 8.)  Additionally, Plaintiff asks the Court to award her the costs and expenses related to this Motion.  With regard to the requested PIP files, Plaintiff maintains that discovery of the files is needed for preparation of Plaintiff's individual claim, as well as for preparation of the class certification motion, and that the files are needed to show numerosity of the proposed class, commonality and typicality of the proposed members' claims, and the amount of damages.  (Id. ¶ 5.)

In response, Defendant contends that Plaintiff is seeking information that exceeds the scope of pre-certification discovery, and that Plaintiff's attempt to discover files and documents so unrelated to her individual claims must be rejected. (D.I. 22, at 3-5.)  Defendant contends providing Plaintiff access to all PIP files is not warranted because the fact that Plaintiff needs to review them is itself inconsistent with the existence of a certifiable class.  (Id. at 4.)  Further, Defendant objects that the claim files contain personal information of putative class members who are not even aware of this action and their potential class membership, and instead suggests production of data compilations as an easier and less intrusive alternative. (Id.)

## B. Discussion

Federal Rule of Civil Procedure 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As long as the information sought is reasonably calculated to lead to the discovery of admissible evidence, it is discoverable, even if it is ultimately not admissible at trial. Id. District courts have considerable discretion regarding discovery. See 5 James Wm. Moore et al., Moore's Federal Practice ¶ 23.85[1] (3d ed. 2009). With regard to pre-certification discovery in putative class actions, "[t]ypically district courts will allow discovery relevant to determining whether the requirements of Rule 23(a) are satisfied and whether the action is maintainable under one of the categories listed in Rule 23(b)." Id.[1]

The Court will not compel Defendant to produce all of its PIP files from October 29, 2002 to the present.[2] Such a

---

[1] Discovery in this action has not been bifurcated, but the parties agreed to engage in preliminary discovery on conditional certification issues, and agreed that there may be an overlap between certification issues and those going to the merits. (D.I. 33, March 26, 2009 Scheduling Order.)

[2] Interestingly, in her Response to Defendant's Motion For Protective Order Regarding Time Frame Of Discovery, Plaintiff "concedes that, based on the applicable statute of limitations, Defendant should only be required to produce documents and information concerning Plaintiff and other potential class members dating back to October 24, 2004." (D.I. 26 ¶ 4 (emphasis in original).)

4

voluminous and far-reaching request of documents is, in the
Court's view, significantly broader than is necessary for
Plaintiff to research the numerosity, typicality and commonality
of the proposed class, and to prepare its class certification
motion. As previously noted, Plaintiff is entitled to relevant
discovery to determine if the requirements of Rule 23 are
satisfied, and the Court would entertain a more narrowly tailored
request for Defendant's PIP files. For example, the parties
could consider production of a representative sample of
Defendant' s PIP files which would provide Plaintiff with enough
information to make its certification arguments without being
unduly burdensome on Defendant.

     The Court will not order Defendant to produce "all
documents, correspondence, memoranda and emails responsive to
Plaintiff's requests." Plaintiff's First Set of Document
Requests contains 65 separate requests. (D.I. 20, Ex. A.)   Upon
the Court's review of Defendant's responses, it appears that
Defendant answered some requests fully and some partially,
asserted various privileges, and frequently objected that
requests were "vague, ambiguous, overbroad, and not reasonably
calculated to lead to the discovery of admissible evidence."
(Id., Ex. B.)   In its Motion To Compel, Plaintiff makes only
generalized arguments about Defendant's responses, and the Court
will not undertake a review of each of the 65 document requests

5

without more specific guidance from Plaintiff on what responses it is challenging and why. In essence, Plaintiff has failed to provide the necessary specificity to allow the Court to compel Defendant to reply to any individual request.

However, it is well-established that when a party withholds otherwise discoverable information by claiming that the information is privileged, the party must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed- and do so in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Accordingly, to the extent Defendant asserted various privileges in responding to Plaintiff's First Set of Document Requests, Defendant will be ordered to produce a privilege log for the withheld documents.

Finally, the Court will not order Defendant to produce "all information concerning the decision to engage and disengage use of bill reduction software." In her Motion To Compel, Plaintiff states only that it "believes" this information is "relevant, especially if Defendant is doing so to try to gain an advantage during litigation." (D.I. 20, at 2 n.1.) In its Response to Defendant's Motion For Protective Order Regarding Time Frame Of Discovery, Plaintiff further states that it is appropriate to look back [beyond October 29, 2004] for information regarding Defendant's policies, practices and procedures in paying PIP

6

claims because Plaintiff has alleged bad faith in its Complaint.
(D.I. 26 ¶ 4.)  While the Court recognizes the potential
relevance of information concerning Defendant's decision to
engage and disengage bill review software to Plaintiff's
allegations of bad faith, Plaintiff has not directed the Court's
attention to any particular document request or to make any
particularized argument with respect to a document request.

## III. Motion For Protective Order Regarding Time Frame Of Discovery (D.I. 23)

### A.   Parties' Contentions

By its Motion, Defendant asks the Court to enter a
protective order limiting the time frame on which Plaintiff can
obtain discovery of Defendant's claim review practices.  (D.I.
23, at 1.)  Specifically, Defendant seeks an order that
Plaintiff's discovery can "only reach back to Defendant's
practices in utilizing the Mitchell Medical Decision Point
product for: (1) pricing review (first put into effect on
February 14, 2005); and (2) application of the CPT/AMA guidelines
for code 95854 (Range of Motion) reported on the same date as
97530 dating back to October 29, 2004." (Id. at 4.)  Defendant
contends that, although Plaintiff is challenging its practice of
reducing charges after a pricing review by third party system
vendor Mitchell Medical, the pricing review function was not
enabled until February 14, 2005.  (Id.)  Further, Defendant
contends that Plaintiff's action was filed on October 29, 2007,

7

thus limiting the statute of limitations window to PIP claims submitted on or after October 29, 2007. (Id. at 3.)

Plaintiff responds that Defendant's use of bill review software is relevant to Plaintiff's claim of bad faith handling of PIP claims. (D.I. 26 ¶¶ 4-5.) According to Plaintiff, Defendant used such software in Delaware until 2001, re-engaged use of such software around February 2005 (approximately the same time Defendant settled a Delaware class action related to PIP claims), and then disengaged the use of such software again after this litigation commenced. (Id. ¶ 5) Plaintiff further disputes Defendant's contention that it is attempting to extend the scope of discovery, and contends that Defendant has not shown that good cause exists for entry of a protective order. (Id. ¶¶ 7-8.)

### B. Legal Standard

Federal Rule of Civil Procedure 26(c) allows parties to move the Court for protective orders in order to seal, limit, or otherwise restrict discovery. The rule provides, in pertinent part, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..." Fed. R. Civ. P. 26(c)(1). The "burden of persuasion [is] on the party seeking the protective order." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). The party seeking a protective order "must show good cause by demonstrating a particular need for protection."

8

Id. Establishing "good cause" requires the movant to "specifically demonstrate[] that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

## C. Discussion

The Court will deny Defendant's Motion for two reasons. First, as previously noted, the Court recognizes that information concerning Defendant's practices and procedures in the payment of PIP claims prior to 2004- 2005, particularly Defendant's decision to repeatedly engage and re-engage bill review software, is potentially relevant to Plaintiff's bad faith allegations. Second, Defendant has not met its burden of demonstrating that good cause exists for entry of a protective order. Although Defendant's Motion is premised on the general contention that Plaintiff is seeking unreasonably broad discovery, Defendant has not demonstrated that it will suffer a clearly defined and serious injury if a protective order is not entered.

## IV. Motion For Protective Order Regarding Privacy Of Non-Party Information (D.I. 24)

By its Motion, Defendant asks the Court to enter a protective order governing Plaintiff's use, storage and

9

disclosure of nonparty medical information. (D.I. 24 ¶ 12.) According to Defendant, it is required to protect the personal confidential information of its policyholders under the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801 et seq., and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 CFR § 164.530(c)(2). (Id. ¶¶ 6-11.) Defendant contends that a protective order is warranted because Plaintiff seeks discovery of PIP claims files for potential class members, and these files contain personal financial information and detailed medical records. (Id. ¶¶ 4-5.) Plaintiff responds that the parties have entered into a stipulated confidentiality order which obviates the need for a protective order, but that in any event, the type of information requested in this action would come within exceptions to the GLBA and HIPAA. (D.I. 27 ¶¶ 5-7.) Plaintiff additionally contends that Defendant has failed to show good cause to justify entry of a protective order. (Id. ¶ 9.)

The Court concludes that entry of a protective order is not warranted in light of the Stipulated Confidentiality Order (D.I. 29). The Order provides that the parties may mark as "confidential" documents containing "information [which] has not been made available to the public at large and which concerns or relates to information of a personal nature which would not generally be disclosed to the public . . . , including but not limited to . . . documents or personal information relating to

10

insureds." (<u>Id.</u> at 1.)  The Order further requires that
confidential documents shall only be shown to "the attorneys, the
attorneys' staff, the parties, parties' experts, actual or
proposed witnesses, and other persons whom the attorneys deem
necessary," and that all person given copies shall be required to
execute an Acknowledgment of Stipulated Confidentiality
Agreement.  (<u>Id.</u> at 2.)

**V.   Conclusion**

For the reasons discussed, the Court will grant in part and
deny in part Plaintiff's Motion To Compel Defendant's Production
Of Documents, and deny Defendant's Motion For Protective Order
Regarding Time Frame Of Discovery and Motion For Protective Order
Regarding Privacy Of Non-Party Information.

An appropriate Order will be entered.